UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ANN COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-88-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LARNIE LEWIS and ROSETTA C. NICKEL, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On March 21, 2007, the Court entered an Order directing the Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction because the Plaintiff failed to properly allege citizenship of the Defendants in her Complaint. [Record No. 5] In response, the Plaintiff filed an Amended Complaint which is identical to the first Complaint, except that it states: "Complainant is a citizen of Virginia, Defendant Larnie Lewis is a citizen of Indiana, and Defendant Rosetta C. Nickel is a resident of Maryland." [Record No. 7, p.1]

As the Court noted in its previous order, Title 28 of the United States Code, Section 1332, sets out the requirements for alleging diversity of jurisdiction. *See also* Fed. R. Civ. P. 84, Form 2. In relevant part, this statutory section provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332 (2006). In determining whether diversity jurisdiction exists in a given case, the Supreme

Court has "read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 126 S. Ct. 606, 613 (2005) (*citing Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267 (1806)).

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, it is presumed that a cause of action lies outside this limited jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (*citing Turner v. Bank of North-America*, 4 U.S. 8 (1799); *McNutt v. General Motors Acceptance Corp*., 299 U.S. 178, 182-83 (1936)).

In the present case, the Plaintiff has failed to meet her burden of establishing this Court's jurisdiction over her claims. In her Amended Complaint, the Plaintiff yet again alleges that Defendant Rosetta C. Nickel is a *resident* of Maryland. As the Court clearly stated in its March 21, 2007, Order, allegations of "residency" are insufficient to satisfy the pleading requirements of 28 U.S.C. §1332(a)(1). *See also* Fed. R. Civ. P. 84, Form 2. Although the Plaintiff properly alleges her citizenship, as well as that of Defendant Lewis, she is required to show that there is complete diversity between all plaintiffs and all defendants to properly invoke this Court's diversity jurisdiction. *See Lincoln*, 126 S. Ct. at 613.

Because the Plaintiff has failed to properly allege the citizenship of Defendant Nickel and therefore has failed to establish diversity jurisdiction, it is hereby

**ORDERED** that this action is **DISMISSED**, without prejudice, and **STRICKEN** from the Court's docket.

This 3rd day of April, 2007.

Signed By:
*Danny C. Reeves*
United States District Judge